**Patrick J. Ehlers**
Email: patrick_ehlers@fd.org
**Federal Public Defender's Office**
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524

**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:11-cr-00378-SI |
| Plaintiff, | UNOPPOSED MOTION FOR EXPEDITED ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION AND REPORT TO DETERMINE MENTAL COMPETENCY TO STAND TRIAL PURSUANT TO 18 U.S.C. §4241(b) |
| v. | |
| **MILES J. JULISON,** | |
| Defendant. | |

Defendant Miles J. Julison, through his attorney, Patrick J. Ehlers, moves pursuant to 18 U.S.C. § 4241(b) for an expedited order requiring a psychiatric or psychological examination of the defendant to determine competency and a report to be filed pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

Mr. Julison has been indicted for two counts of False Claims Against the United States, in violation of 18 U.S.C. § 287.  He made his initial appearance on October 18, 2011.  As the Court is well aware, at the initial appearance Mr. Julison waived his right to appointment of counsel and

he was released on conditions. On October 19, 2011, the government filed a motion for a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), requesting a hearing which was subsequently held on November 2, 2011. At the *Faretta* hearing, the Court found Mr. Julison did not unequivocally, knowingly and voluntarily waive his right to representation by counsel. Accordingly, the Court appointed undersigned counsel to represent him.

At this point the Court is well aware of the numerous filings made by Mr. Julison that contain irrelevant information having no bearing on the proceedings in which he is involved. He persists in citing provisions of the Uniform Commercial Code to the Court despite the fact that the Court has repeatedly advised him that the U.C.C. has no application to his criminal prosecution and/or his defense. Since making his initial appearance in October of 2011, Mr. Julison has appeared in Court a total of eighteen times. While he has made numerous statements during these appearances none of his statements have contained anything relevant to his case and appear to be non-responsive to the proceedings at hand.

In Mr. Julison's last appearance before the Court on January 24, 2013, Mr. Julison appeared in Court in shackles because he is now in custody because he refuses to comply with the Court's order to surrender his passport. At that hearing Mr. Julison proclaimed that the Court would be charged $50,000.00/day if he were held in custody. He referred to himself as a "bond servant of Jesus Christ" and demanded to be released.

Since being taken into custody on January 23, 2013, I have attempted to visit Mr. Julison in custody multiple times and have called him at the Multnomah County Detention Center. He refuses to speak with me and will essentially only repeat over and over that I am "fired". Most recently, and during this same custodial period Mr. Julison has taken to refusing visits and phone calls.

There is no functional attorney-client relationship in this case. Consistent with the language set out in 18 U.S.C. § 4241(a) it appears that:

> there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

From his initial appearance to present Mr. Julison has never, to undersigned counsel's knowledge, assisted properly in his defense. Given Mr. Julison's refusal to even speak with counsel while in custody, an evaluation is warranted and should be conducted. In further support of this position, I am attaching a letter from Dr. Richard Restak, along with his CV (*See* Exhibit A). He is a qualified mental health professional who has opined, after reviewing the Holcomb seminar transcript, and some exemplary status conference transcripts, that an evaluation is warranted.

The following cases should also be of assistance to the Court in addressing this motion: *United States v. Dryer*, ___ F.3d ___, 2013 WL 65430 (9th Cir. Jan. 7, 2013) and *Cooper v. Oklahoma*, 517 U.S. 348 (1996). Both of these cases illustrate the critical importance of obtaining a professional assessment regarding competency of a criminal defendant when the mental status of such a defendant is called into question by in-court behavior and/or other evidence.

I have conferred with Assistant United States Attorney Ryan Bounds and he has authorized me to represent that while the government does not join in the instant motion, it is withholding an objection to the motion. The motion is unopposed.

Pursuant to 18 U.S.C. § 4241(d) the Court has the authority to order that a defendant be committed to the custody of the Attorney General for placement in a suitable facility for a reasonable period not to exceed 120 days.

However, prior to such a commitment the Court may order a psychiatric examination pursuant to 18 U.S.C. § 4247(b) & (c). It is unlikely Mr. Julison will comply with or participate in any court ordered psychiatric examination.

Based on the aforementioned, counsel submits there is reasonable cause to believe that Mr. Julison is unable to assist properly in his defense due to a mental disease or defect, and as such, the Court should order a psychiatric or psychological examination and report pursuant to provisions of 18 U.S.C. § 4247(b) and (c), and schedule a hearing thereafter. Alternatively, the Court could order placement of Mr. Julison in a suitable facility for treatment for a period not to exceed 120 days pursuant to 18 U.S.C. § 4241(d).

Respectfully submitted on January 30, 2013.

*/s/ Patrick Ehlers*
Patrick J. Ehlers
Attorney for Defendant